West Chester Hosiery Mills, Inc. v. Commissioner.
West Chester Hosiery Mills v. Commissioner
Docket No. 110654.
United States Tax Court
1943 Tax Ct. Memo LEXIS 207; 2 T.C.M. (CCH) 433; T.C.M. (RIA) 43330; July 7, 1943
*207 Sanford Becker, C.P.A., 11 W. 42nd St., New York City, for the petitioner. Paul E. Waring, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This is a proceeding for the redetermination of a deficiency in income tax for 1937 in the amount of $1,085.71, only $1,052.58 of which is in controversy. Petitioner alleges that the respondent erred in his determination of the deficiency by disallowing the deduction from gross income of $5,439.20 representing depreciation on buildings, machinery, furniture, fixtures and equipment. [The Facts] Petitioner is a Pennsylvania corporation with its principal office at Westchester. It filed its income tax return for 1937 with the collector of internal revenue at Philadelphia. The petitioner was incorporated in 1930. During 1937, and for several years prior thereto, it was engaged in the manufacture of full-fashioned hosiery. It has always operated on a limited capital. Some of the machinery which it acquired was second-hand. For nearly every year from 1930 to 1936, inclusive, its income tax returns showed a net loss. The return for 1937 showed a net income for income tax computation of $1,541.13. In such return it deducted $19,398.57 *208 for depreciation, claiming depreciation upon machinery and equipment at 10 percent, buildings three percent, and furniture and fixtures 10 percent. On audit of the petitioner's tax return for 1937 the respondent grouped the petitioner's depreciable assets under different headings from those used by the petitioner in computing the depreciation allowance and determined that the depreciation sustained was in the amount of $13,959.37. Depreciation was disallowed in the amount of $5,439.20. [Opinion] The petitioner and the respondent are in agreement as to the cost basis for the assets as grouped by the respondent; they are also in agreement as to the amount of the depreciation reserve at December 31, 1936. In this proceeding the petitioner claims an entirely different grouping of the assets from those used by the respondent. For instance, it contends that the grouping "Buildings" used by the revenue agent and adopted by the respondent should be divided into "Structures," "Plumbing," "Heating Equipment," etc., and that different rates should apply to each class of assets. The petitioner did not, however, prove by its books of account the cost of the assets except as grouped by *209 the revenue agent. The respondent claimed that the asset "Buildings" had a life of 50 years and that two per cent per annum was a reasonable depreciation allowance. In its return the petitioner claimed depreciation at the rate of three per cent per annum. From a consideration of all of the evidence the Tax Court reaches the conclusion that reasonable rates for depreciation on the different classes of assets for 1937 are as follows: Buildings
3%
Furniture & fixtures
10%
Machinery (new)
6 2/3%
Machinery (second-hand)
10%
Equipment
10%
Shed
4%
Decision will be entered under Rule 50.